# 14-2985-cv

**IN THE**

# United States Court of Appeals

FOR THE SECOND CIRCUIT

---

IN THE MATTER OF A WARRANT TO SEARCH A CERTAIN E-MAIL ACCOUNT
CONTROLLED AND MAINTAINED BY MICROSOFT CORPORATION,

---

**MICROSOFT CORPORATION,**
*Appellant,*

v.

**UNITED STATES OF AMERICA,**
*Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**BRIEF OF AMICUS CURIAE
IRELAND**

---

Peter D. Stergios
McCarter & English, LLP
245 Park Ave., 27th Floor
New York, NY 10167
Tel. (212) 609-6800

Charles D. Ray
McCarter & English, LLP
CityPlace I
Hartford, CT 06103
Tel. (860) 275-6700

*Counsel for Amicus Curiae Ireland*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................i

TABLE OF AUTHORITIES ............................................................................ ii

STATEMENT REGARDING AMICUS CURIAE ..................................................1

STATEMENT OF THE AMICUS CURIAE ........................................................2

ARGUMENT....................................................................................................3

    I.      National Sovereignty Is Never Waived By Non-Intervention in Foreign Domestic Court Proceedings ..................................................3

    II.     Ireland Is Willing To Apply The MLAT Process To This Warrant ..................................................................................................4

    III.    The Supreme Court of Ireland case of *Walsh v National Irish Bank* [2013] 1ESC 2 ..................................................................................5

CONCLUSION................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Walsh v National Irish Bank*
 [2013] 1 ESC 2.................................................................................................. 2, 5-7

**STATUTES**

Criminal Justice (Mutual Assistance) Act of 2008, No. 7 of 2008 ........................ 4-5

**OTHER AUTHORITIES**

Fed. R. App. P. 29(c)(5)................................................................................................2

Local R. App. P. 29.1(b) ..............................................................................................2

*Restatement 3d of the Foreign Relations Law of the U.S*. § 442(2) ..........................3

## **STATEMENT REGARDING AMICUS CURIAE**

Ireland is an internationally-recognized sovereign nation state. The United States recognizes and maintains diplomatic relations with Ireland.

The warrant under appeal orders Appellant to produce in the United States documents that it maintains reside in Ireland. Ireland has a genuine and legitimate interest in potential infringements by other states of its sovereign rights with respect to its jurisdiction over its territory.

Ireland files this *amicus curiae* brief with the consent of both parties, and pursuant to a Motion for Leave To File *Amicus* Brief dated December 15, 2014.

# **STATEMENT OF THE AMICUS CURIAE**[1]

The subject of this appeal is an oral ruling unsupported by a written opinion. At pages 54 through 60 of that transcript of the hearing in the court below (A317-A323), the parties and the Court discuss *inter alia* the potential impact of the relevant subpoena on Irish sovereignty.

Ireland respectfully makes three points in this *amicus* brief.

First, Ireland does not accept any implication that it is required to intervene into foreign court proceedings to protect its sovereignty.

Second, Ireland continues to facilitate cooperation with other states, including the United States, in the fight against crime and, in this regard, Ireland and the United States are parties to a treaty addressing the subject of this appeal.

Third, Ireland notes that no party below cited or argued the Supreme Court of Ireland case of *Walsh v National Irish Bank* [2013] 1 ESC 2, which may be relevant to the subject of the appeal.

---

1  Pursuant to Rule 29(c)(5) of the Federal Rules of Appellate Procedure and Local Rule 29.1(b), the *amicus curiae* states that:

(A)  A party's counsel has not authored this brief in whole or in part;

(B)  Neither a party nor a party's counsel contributed money that was intended to fund preparing or submitting this brief; and

(C)  No person – other than the *amicus curiae*, its members, or its counsel – contributed money that was intended to fund preparing or submitting this brief.

## **ARGUMENT**

### I. National Sovereignty Is Never Waived By Non-Intervention in Foreign Domestic Court Proceedings

The implication of Appellee's argument at Tr. 54-60 (A317-A323) (and also Tr. 31-32 (A294-A295)) is that any conflict between United States and Irish law is speculative unless Ireland actively asserts it within United States legal proceedings. Ireland does not accept any implication that it is required to intervene into foreign court proceedings to protect its sovereign rights in respect of its jurisdiction, or that Ireland not intervening is evidence of consent to a potential infringement thereof. Ireland respectfully asserts that foreign courts are obliged to respect Irish sovereignty (and that of all other sovereign states) whether or not Ireland is a party or intervener in the proceedings before them. *See, e.g.*, *Restatement 3d of the Foreign Relations Law of the U.S.* § 442(2) (describing appropriate deference to conflicts in disclosure law between sovereign states).

## II. Ireland Is Willing To Apply The MLAT Process To This Warrant

In the proceeding below, the parties and district court at length discussed the potential applicability to this warrant of the relevant Mutual Legal Assistance Treaty between Ireland and the United States. Tr. at 34-36, 60-62 (A297-A299, A323-A325).

Ireland continues to facilitate cooperation with other states, including the United States, in the fight against crime and, in this regard, has enacted legislation giving effect to a large number of international treaties and instruments providing for mutual legal assistance in criminal matters. As noted by both the parties and other *amici*, Ireland and the United States are parties to a treaty addressing the subject of this appeal. Ireland would be pleased to consider, as expeditiously as possible, a request under the treaty, should one be made.[2]

---

[2] The law enabling Ireland to provide mutual legal assistance to, and seek mutual legal assistance from, other countries is contained in the Criminal Justice (Mutual Assistance) Act 2008. In brief, the Act primarily includes provisions:

- relating to the sharing of information and monitoring of financial transactions for criminal investigation purposes;
- enabling the enforcement in Ireland of orders for the freezing and confiscation of property that could be evidence or the proceeds of crime;
- permitting the Minister to request an Irish court to take evidence for use in criminal proceedings or a criminal investigation in another country;
- enabling the transfer of a prisoner to give evidence or assist a criminal investigation in Ireland and enabling the transfer of a prisoner to give evidence or assist an investigation outside Ireland;

4

### III. The Supreme Court of Ireland case of *Walsh v National Irish Bank* [2013] 1ESC 2

It appears the potentially relevant Supreme Court of Ireland case of *Walsh v. National Irish Bank* [2013] 1ESC 2 was not considered during the underlying proceedings.

It is incumbent on Ireland to acknowledge that the Supreme Court of Ireland did make an order in the case of *Walsh v National Irish Bank* [2013] 1ESC 2,[3] which may be of some relevance to the proceedings before this Court. In *Walsh*,

---

- enabling the Minister to request an Irish court to summon a witness to give evidence for use outside Ireland by a television link or telephone link;
- permitting the taking of identification evidence in Ireland for use in criminal proceedings or criminal investigations outside Ireland;
- empowering the Minister to cause a document requiring a person to appear as a defendant or witness in criminal proceedings in another country or any other document issued by a court or authority in another country in relation to criminal proceedings to be served on the person in Ireland;
- providing for a request from other countries for the examination of an object or site in Ireland for such purposes to be complied with;
- enabling requests for the restitution of stolen property to be made to other countries and such requests to be made to Ireland; and,
- enabling representatives of other countries to be present at the execution of a request in Ireland and enabling members of the Garda Síochána (Irish police) to be present at the execution of a request in other countries.

*See* Criminal Justice (Mutual Assistance) Act of 2008, No. 7 of 2008, *available at* http://www.irishstatutebook.ie/2008/en/act/pub/0007/index.html.

[3] The *Walsh* decision is available at http://www.supremecourt.ie/Judgments.nsf/1b0757edc371032e802572ea0061450e/eafa348512d6d95a80257afe00587a09?OpenDocument.

5

the taxation authorities in Ireland (the Revenue Commissioners) applied under section 908 of the Taxes Consolidation Act 1997 for an order for disclosure of details of an account with the National Irish Bank. *Walsh v National Irish Bank* [2013] 1ESC 2, ¶ 1.2 The branch in question was situated outside Ireland (in the Isle of Man, which is a British crown dependancy). *See id.* The High Court (the trial-level court) refused the order on the grounds that this is a matter for the courts of the Isle of Man. *See id.* ¶¶ 4.1 to 4.5.

The Supreme Court of Ireland held that, *in the absence of alternative means* of obtaining information required for a criminal or similar investigation, there may be circumstances in which an Irish court would order the production of records from an Irish entity on foreign soil, but would do so only after being competently apprised of whether the execution of the order would violate the law of the foreign sovereign. *See id.* ¶¶ 7.6, 9.3-9.6.

A significant factor in the case was that the branch did not have a separate corporate identity:

> *<u>The fact is that the Bank chose to conduct its business (or at least part of it) in the Isle of Man by means of a branch rather than by means of a separate legal entity incorporated in the Isle of Man and operating as part of the same group of companies. Doubtless, there were good reasons for the Bank choosing so to do. However, such choices have consequences</u>. The fact remains that the same legal entity was doing business in the Isle of Man through one of its branches as did business through its ordinary branch network in Ireland. The banking obligations undertaken through the Isle of Man branch (such as the obligation to repay monies deposited) were obligations of the Bank in*

6

> *just the same way as obligations undertaken through a branch in Dublin or elsewhere in Ireland.*

*Id.* ¶ 5.6 (emphasis added).

As noted above, there is a Treaty in place between the United States and Ireland which addresses the subject of the appeal.

In *Walsh*, the Irish Supreme Court accepted that, in general, a court does not order inspection of documents in a foreign country and that, where possible courts should avoid coming into conflict. However on the central point whether it had power to order production of documents by an Irish registered company by one of its branches situated in a foreign country, the Supreme Court found that it did. The Supreme Court found that the Taxes Consolidation Act empowers the Irish taxation authorities to seek an order that an Irish bank produce records of accounts held by its customers wherever the information is situated.

It appears that in certain circumstances, an Irish court is prepared to order the disclosure by an Irish corporation of information in its possession, notwithstanding that the information is physically located in another jurisdiction, provided certain matters are demonstrated.

7

## **CONCLUSION**

Ireland does not accept any implication that it is required to intervene into foreign court proceedings to protect its sovereignty. Ireland continues to facilitate cooperation with other states, including the United States, in the fight against crime and would be pleased to consider, as expeditiously as possible, a request under the treaty, should one be made.

RESPECTFULLY SUBMITTED,

By: */s/ Charles D. Ray*
Charles D. Ray
McCARTER & ENGLISH, LLP
CityPlace I
Hartford, CT 06103
Tel.: 860-275-6700

Peter D. Stergios
McCARTER & ENGLISH, LLP
245 Park Ave., 27th Floor
New York, New York 10167
Tel.: 212-609-6800

*Counsel for Amicus Curiae Ireland*

8

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(c) of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that:

1. This brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Rules of Appellate Procedure in that this brief contains 1,579 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2000 in Times New Roman, 14 point font.

*/s/ Charles D. Ray*
Charles D. Ray
McCARTER & ENGLISH, LLP
CityPlace I
Hartford, CT  06103
Tel:  860-275-6700

Peter D. Stergios
Charles D. Ray
McCARTER & ENGLISH, LLP
245 Park Ave., 27th Floor
New York, New York 10167
Tel.:  212-609-6800

*Counsel for Amicus Curiae Ireland*

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the foregoing brief was filed electronically. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Charles D. Ray*
Charles D. Ray
McCARTER & ENGLISH, LLP
CityPlace I
Hartford, CT 06103
Tel: 860-275-6700

Peter D. Stergios
Charles D. Ray
McCARTER & ENGLISH, LLP
245 Park Ave., 27th Floor
New York, New York 10167
Tel.: 212-609-6800

*Counsel for Amicus Curiae Ireland*